UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHYENNE MORGAN SWISHER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW SAUL,[1]<br><br>　　　　　Defendant. | CIVIL ACTION NO. 3:21-CV-00390<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Plaintiff Chyenne Morgan Swisher ("Swisher") brings this action under section 1631(c) of the Social Security Act, 42 U.S.C. § 1383(c) for judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act. For the following reasons, the undersigned shall order the Commissioner's decision be **AFFIRMED.**

I.　**BACKGROUND AND PROCEDURAL HISTORY**

On March 12, 2019, Swisher protectively filed an application under Title XVI for supplemental security income benefits, claiming disability beginning November 1, 2017. (Doc. 12-6, at 2). The Social Security Administration initially denied the application on June 24, 2019, prompting Swisher's request for a hearing, which Administrative Law Judge ("ALJ") Jessica Marie Johnson held on February 19, 2020. (Doc. 12-2, at 36). In a written

---

[1] The Court has amended the caption to replace, as the named defendant, Social Security Commissioner Andrew M. Saul, with his successor, Social Security Commissioner Kilolo Kijakazi. See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

decision, dated April 1, 2020, the ALJ determined that Swisher is not disabled and, therefore, not entitled to benefits or income under Title XVI. (Doc. 12-2, at 13). On December 28, 2020, the Appeals Council subsequently denied Swisher's request for review. (Doc. 12-2, at 2).

On March 2, 2021, Swisher commenced the instant action. (Doc. 1). The Commissioner responded on June 4, 2021, providing the requisite transcripts from Swisher's disability proceedings. (Doc. 11; Doc. 12). The parties then filed their respective briefs, with Swisher raising one principal basis for reversal or remand. (Doc. 15; Doc. 18; Doc. 19).

II. **STANDARDS OF REVIEW**

To receive benefits under XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909. To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a).[2]

A. ADMINISTRATIVE REVIEW

The "Social Security Administration, working through ALJs, decides whether a claimant is disabled by following a now familiar five-step analysis." *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 200–01 (3d Cir. 2019). The "burden of proof is on the claimant at all steps

---

[2] A "physical or mental impairment" is defined as an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

except step five, where the burden is on the Commissioner of Social Security." *Hess*, 931 F.3d at 201; *see* 20 C.F.R. § 416.912(a)(1). Thus, if the claimant establishes an inability to do past relevant work at step four, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform consistent with his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. § 416.912(a)(1).

B. JUDICIAL REVIEW

The Court's review of a determination denying an application for Title XVI benefits is limited "to considering whether the factual findings are supported by substantial evidence." *Katz v. Comm'r Soc. Sec.*, 798 F. App'x 734, 736 (3d Cir. 2019). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). The quantum of proof is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial if the ALJ ignores countervailing evidence or fails to resolve a conflict created by such evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

The question before the Court, therefore, is not whether Swisher is disabled, but whether the Commissioner's determination that Swisher is not disabled is supported by

substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). If "the ALJ's findings of fact . . . are supported by substantial evidence in the record," the Court is bound by those findings. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

### III. THE ALJ'S DECISION

In her written decision, the ALJ determined that Swisher "has not been under a disability, as defined in the Social Security Act, since March 12, 2019, the date the application was filed." (Doc. 12-2, at 30). The ALJ reached this conclusion after proceeding through the five-step sequential analysis provided in 20 C.F.R. § 416.920(a).

#### A.   STEP ONE

At step one of the five-step analysis, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If a claimant is engaging in substantial gainful activity, the claimant is not disabled, regardless of age, education, or work experience. 20 C.F.R. § 416.920(b). Substantial gainful activity is defined as work activity requiring significant physical or mental activity and resulting in pay or profit. 20 C.F.R. § 416.972. The ALJ must consider only the earnings of the claimant. 20 C.F.R. §

416.974. Here, the ALJ determined that Swisher "has not engaged in substantial gainful activity since March 12, 2019, the application date," and therefore proceeded to step two of the analysis. (Doc. 12-2, at 18)

  B. STEP TWO

At step two, the ALJ must determine whether the claimant has a medically determinable impairment – or a combination of impairments – that is severe and meets the 12-month duration requirement. 20 C.F.R. § 416.920(a)(4)(ii). If the ALJ determines that a claimant does not have an impairment or combination of impairments that significantly limits the claimant's "physical or mental ability to do basic work activities," the ALJ will find that the claimant does not have a severe impairment and is therefore not disabled. 20 C.F.R. § 416.920(c). If, however, a claimant establishes a severe impairment or combination of impairments, the ALJ proceeds to consider step three. Here, the ALJ found that Swisher has three severe impairments: multiple sclerosis, obesity, and headaches. (Doc. 12-2, at 19). Additionally, the ALJ noted that Swisher has the non-severe impairment of depression. (Doc. 12-2, at 19).

  C. STEP THREE

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in the version of 20 C.F.R. § Pt. 404, Subpt. I, App. 1 that was in effect on the date of the ALJ's decision. 20 C.F.R. § 416.920(a)(4)(iii), 416.925, 416.926. The sections in this appendix are commonly referred to as "listings." If the ALJ determines that the claimant's impairment or impairments meet a listing, then the claimant is considered disabled, otherwise, the ALJ must proceed to and analyze the fourth step of the sequential analysis. 20 C.F.R. § 416.920(d). Here, the ALJ

determined that none of Swisher's impairments, considered individually or in combination, meets or equals the severity of a listed impairment. (Doc. 12-2, at 22-23). The ALJ considered listings 11.02 (epilepsy) and 11.09 (multiple sclerosis). (Doc. 12-2, at 21-23).

### D.    RESIDUAL FUNCTIONAL CAPACITY

Between steps three and four, the ALJ evaluates the claimant's residual functional capacity (RFC), crafted upon consideration of all the evidence presented. At this intermediate step, the ALJ considers all claimant's symptoms and "the extent to which [they] can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 416.929(a). This involves a two-step inquiry according to which the ALJ must (1) determine whether an underlying medically determinable mental impairment or impairments could reasonably be expected to produce the claimant's symptoms; and, if so, (2) evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations. *See* 20 C.F.R. § 416.929(b)–(c).

Here, the ALJ found that while Swisher's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Doc. 12-2, at 23). The ALJ concluded that Swisher has the RFC "to perform less than the full range of light work as defined in 20 C.F.R. 416.967(b)," subject to the following non-exertional limitations:

> [Swisher] can occasionally climb ramps or stairs but can never climb ladders, ropes, or scaffolds. She can occasionally perform the postural activities of balancing, stooping, crouching, kneeling, and crawling. [Swisher] can work in environments requiring no more than occasional exposure to weather (meaning outside atmospheric conditions), non-weather related heat and cold temperature extremes, and wetness and humidity. [Swisher] can only work in the environments requiring no exposure to strobing/flashing lights, no

exposure to dangerous machinery with moving mechanical parts, and no exposure to high, exposed, unprotected heights. In addition, [Swisher] is limited to jobs permitting her to miss one day of work per month.

(Doc. 12-2, at 23).

E.    STEP FOUR

Step four requires the ALJ to determine whether the claimant had, during the relevant period, the RFC to perform the requirements of his or her past relevant work regardless of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(iv). Past relevant work is work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. § 416.920(a)(4)(iv). The ALJ considers whether the claimant retains the capacity to perform the particular functional demands and job duties of the past relevant work, either as the claimant actually performed it or as ordinarily required by employers throughout the national economy. *Garibay v. Comm'r Of Soc. Sec.*, 336 F. App'x 152, 158 (3d Cir. 2009) (quoting SSR 82–6). "If the claimant can perform [her] past relevant work despite [her] limitations, [she] is not disabled." *Hess*, 931 F.3d at 202 (citing 20 C.F.R. § 404.1520(a)(4)(iv)); *see also* 20 C.F.R. § 416.920(a)(4)(iv). Here, the ALJ determined that Swisher did not have past relevant work. (Doc. 12-2, at 28). Thus, the ALJ proceeded to step five of the sequential analysis. (Doc. 12-2, at 28).

F.    STEP FIVE

At step five of the sequential analysis, the ALJ considers the claimant's age, education, and work experience to determine whether the claimant can make the adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). A claimant who can adjust to other work is not disabled. 20 C.F.R. § 416.920(a)(4)(v). Here, considering Swisher's age, education, work experience,

and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Swisher can perform. (Doc. 12-2, at 29). In making this determination, the ALJ relied on the vocational expert's testimony that Swisher is able to perform the requirements of occupations such as a garment sorter, routing clerk, and bench assembler, all with positions ranging from 14,000 and 370,000 nationally. (Doc. 12-2, at 29). Accordingly, the ALJ determined that Swisher is not disabled and denied her application for benefits. (Doc. 12-2, at 29).

IV. **DISCUSSION**

Swisher submits one ground for reversal of the ALJ's decision. (Doc. 15, at 13). Swisher asserts that the ALJ's assessment of the opinion of Kathleen Schaefer, M.D. ("Dr. Schaefer"), is unsupported by substantial evidence because the ALJ failed to adequately evaluate the opinion in accordance with the prevailing rules and regulations. (Doc. 15, at 13). The Commissioner responds that substantial evidence supports the ALJ's finding that Swisher retains the RFC to perform a range of light work. (Doc. 18, at 1).

  A. SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S EVALUATION OF DR. SCHAEFER'S OPINION.

According to Swisher, the ALJ erred in finding that the opinion of Dr. Schaefer was not persuasive. (Doc. 15, at 13). Swisher avers that remand is warranted because "if properly credited, Dr. Schaefer's proffered limitations are preclusive of substantial work activity." (Doc. 15, at 20). The Commissioner submits that "[t]he ALJ thoroughly summarized the medical evidence, including evidence date prior to the relevant period, discussed [Swisher]'s subjective complaints, weighed the relevant evidence, gave a narrative of her rationale, and provided meaningful judicial review for her decision." (Doc. 18, at 8).

Assessing a claimant's RFC falls within the purview of the ALJ. 20 C.F.R. § 416.946(c); SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996). "[RFC] is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 1999)). Specifically, one's RFC reflects the *most* that an individual can still do, despite his or her limitations, and is used at steps four and five to evaluate the claimant's case. 20 C.F.R. §§ 416.920, 416.945; SSR 96-8P, 1996 WL 374184 at *2. In crafting the RFC, the ALJ must consider all the evidence of record, including medical signs and laboratory findings, daily activities, medical source statements, and a claimant's medical history. SSR 96-8p, 1996 WL 374184, at *5; *see also Mullin v. Apfel*, 79 F. Supp. 2d 544, 548 (E.D. Pa. 2000). An ALJ's RFC findings, however, must be supported by the medical evidence. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). "[O]nce the ALJ has made this [RFC] determination, [a court's] review of the ALJ's assessment of the plaintiff's RFC is deferential, and that RFC assessment will not be set aside if it is supported by substantial evidence." *Black v. Berryhill*, No. 16-1768, 2018 WL 4189661 at *3 (M.D. Pa. Apr. 13, 2018). Applying this standard to the present record, the Court finds substantial evidence supports the ALJ's RFC determination as it pertains to the opinion of Dr. Chandragiri.

In *Cotter*, the Circuit Court clarified that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected: "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris,* 642 F.2d 700, 704, 706-707 (3d Cir. 1981). However, the ALJ need not

undertake an exhaustive discussion of all the evidence. *See*, *e.g.*, *Knepp*, 204 F.3d at 83. "There is no requirement that the ALJ discuss in her opinion every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004).

As this matter involves a claim filed after March 27, 2017, the new regulatory framework governing the evaluation of medical opinions applies to the ALJ's evaluation of the medical opinions in the record. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132-01 (Mar. 27, 2017)); *see also* 82 Fed. Reg. 15263 (March 27, 2017); 82 Fed. Reg. 16869 (corrective notice) (explaining that SSR 96-2p and 96- 5p do not apply to newly filed or pending claims after March 27, 2017). The ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). Under the new regulations, rather than assigning weight to medical opinions, the Commissioner will articulate "how persuasive" he or she finds the medical opinions. 20 C.F.R. § 416.920c(b). The Commissioner's consideration of medical opinions is guided by the following factors: supportability; consistency; relationship with the claimant (including the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship); specialization of the medical source; and any other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.920c(c). The most important of these factors is the "supportability" of the opinion and the "consistency" of the opinion, which are the same factors that formed the foundation of the rule which prioritized the opinion of a treating source. *Densberger v. Saul*, No. 1:20-CV-772, 2021 WL 1172982, at *8 (M.D. Pa. Mar. 29,

2021) (citing *Andrew G. v. Comm'r of Soc. Sec.,* No. 3:19-CV-0942, 2020 WL 5848776, at *5 (N.D.NY. Oct.1, 2020)); 20 C.F.R. § 416.920c(b)(2).

The ALJ must explain how he or she considered the "supportability" and "consistency" of a medical source's opinion. 20 C.F.R. § 416.920c(b)(2). Generally, the ALJ may, but is not required to, explain his or her consideration of the other factors, but if there are two equally persuasive medical opinions about the same issue that are not exactly the same, then the ALJ must explain how he or she considered the other factors. 20 C.F.R. § 416.920c(b)(3). "[W]hen the ALJ has found two or more medical opinions to be equally well supported and consistent with the record, but not exactly the same, the ALJ must articulate how he or she considered [the remaining] factors . . . ." *Densberger,* 2021 WL 1172982, at *8. To facilitate judicial review, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests" and the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Cotter,* 642 F.2d 700, at 706-707.

The opinion of Dr. Schaefer is an acceptable medical source as she is a licensed physician. 20 C.F.R. § 416.902(a)(1); (Doc. 12-7, at 46). Under the new regulations, Dr. Schaefer is not entitled to any deference given her status as a consultative examiner. 20 C.F.R. § 416.920c(a); (Doc. 12-2, at 26). The ALJ is only required to consider the supportability and consistency of the opinion of Dr. Schaefer, which she adequately explains in her opinion. (Doc. 12-2, at 26).

Here, the ALJ found that the opinion of Dr. Schaefer was not persuasive. (Doc. 12-2, at 27). On January 24, 2020, Dr. Schaefer completed a medical source statement. (Doc. 12-15, at 76). Dr. Schaefer opined that Swisher remains capable of lifting and carrying up to ten

pounds frequently and twenty pounds rarely, would be able to sit/stand more than two hours at a time, would be able to sit for a total of at least six hours and to stand/walk for two hours in an eight-hour workday, would never need to use a cane or other assistive device, would need to take one extra fifteen-minute break every day, and would rarely be able to perform the postural activities of twisting, stooping, bending, crouching, and squatting. (Doc. 12-15, at 76-79). In addition, Dr. Schaefer opined that Swisher would have significant limitations with using her upper extremities for reaching, handling, and fingering because of her incoordination. (Doc. 12-15, at 78-79). Dr. Schaefer concluded that Swisher would be able to perform a low-stress job but would be off-task up to twenty percent of a workday and miss about four days of work each month. (Doc. 12-15, at 79).

The ALJ considered Dr. Schaefer's opinion inconsistent and unsupported with her findings. (Doc. 12-2, at 27). The ALJ found that Dr. Schaefer's opinions are "unsupported by the medical evidence of record, including Dr. Schaefer's own treatment records," which "include no basis for finding [Swisher] having upper extremity limitations related to incoordination." (Doc. 12-2, at 27). The ALJ noted that the "[o]ffice visit notes consistently and repeatedly describe [Swisher] as having full range of motion, full motor strength, no sensory deficits, and do not include any indication of [Swisher] having any significant concentration, attention, manipulative, walking, standing, or postural limitations." (Doc. 12-2, at 27). The ALJ concluded that "the medical evidence of record does not confirm that [Swisher] is as limited as stated by Dr. Schaefer." (Doc. 12-2, at 27). Therefore, the ALJ found that the opinions of Dr. Schaefer are not persuasive. (Doc. 12-2, at 27).

Swisher argues that the ALJ's analysis failed to properly analyze the consistency and supportability of Dr. Schaefer's opinion with other objective evidence in the record. (Doc. 15,

at 15). Specifically, Swisher contends that the ALJ cited only Dr. Schaefer's treatment notes in evaluating its supportability and consistency, so it is unclear how the ALJ made her consistency assessment. (Doc. 19, at 3-4). The Commissioner responds that "the ALJ reasonably discussed the consultative examiner's findings and opinion, the clinical examinations at the emergency room and office visits during the relevant period of review, as well as the state agency physician opinions, all of which were inconsistent with Dr. Schaefer's opinion. (Doc. 18, at 15).

In determining an opinion's supportability, an ALJ considers the "relevant . . . objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s)." 20 C.F.R. § 416.920c(c)(1). This Court has found that an ALJ's note that a medical opinion was in checklist form still meets the requirements for evaluating the persuasiveness of an opinion under the new regulations. *See Simpson v. Kijakazi*, No. 1:20-CV-00275, 2021 WL 3869942, at *8 (M.D. Pa. Aug. 27, 2021) (finding that an ALJ's note that a medical opinion "was rendered on a check-box form and that it gave no additional information for the basis of [the medical source's] conclusion" along with other evidence, met the standard under the new rules for addressing supportability and consistency). As Swisher concedes, the ALJ found that Dr. Schaefer's treatment notes did not include the limitations she noted on the January 24, 2020, medical source statement. (Doc. 12-15, at 27). Further, the ALJ found that Dr. Schaefer's opinion that Swisher was completely unable to work, was not supported by Swisher's medical evidence, including Dr. Schaefer's own treatment notes. (Doc. 12-2, at 27).

In determining an opinion's consistency, an ALJ considers how consistent "medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical

sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2). The ALJ reasonably discussed Dr. Schaefer's findings and opinion, the clinical examinations at the emergency room and office visits, and the state agency physician's opinion. (Doc. 12-2, at 26). The ALJ also discussed Swisher's testimony about her MS symptoms. (Dc. 12-2, at 25). An ALJ must carefully consider a claimant's statements about her symptoms, but "the ALJ is not required to credit them." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011) (citing 20 C.F.R. § 404.1529(a)); *see* 20 C.F.R. § 416.929(a); SSR 16-3p. The ALJ explained:

> [Swisher]'s medically determinable impairments could reasonably be expected to produce some symptoms. However, having considered the entire evidence of record and the criteria of 20 C.F.R. 416.929, the undersigned finds [Swisher]'s statements that she is completely unable to work are not supported and are not entirely consistent with the record in light of the discrepancies between those assertions and information contained in the documentary reports.
>
> (Doc. 12-2, at 27).

Thus, the ALJ analyzed the consistency of Dr. Schaefer's opinion with the evidence of record, stating that she "finds the medical evidence of record does not confirm that [Swisher] is as limited as stated by Dr. Schaefer." (Doc. 12-2, at 27). Thus, the ALJ has adequately explained her reasoning for finding Dr. Chandragiri's opinion was not supported by and inconsistent with the medical evidence of record.

Lastly, Swisher avers that the ALJ erroneously substituted her own lay opinion in discrediting the opinion of Dr. Schaefer. (Doc. 15, at 20; Doc. 19, at 6). It is within the ALJ's authority to determine which medical opinions he or she rejects and accepts, and the weight to be given to each opinion. 20 C.F.R. § 416.927. Regardless of the weight an ALJ affords to medical opinions, the ALJ has the duty to adequately explain the evidence that he or she rejects or affords lesser weight. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009).

"The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." *Burnett*, 220 F.3d at 119-20. The ALJ did not fail to provide sufficient reasons for discounting Dr. Schaefer's opinion, nor did she simply substitute her own lay analysis for the judgment of Dr. Schaefer in formulating Swisher's RFC. Rather, the ALJ fulfilled her duty as fact-finder to evaluate Dr. Schaefer's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. § 416.920c.

As noted *supra*, the ALJ has adequately explained her reasoning for finding Dr. Schaefer's opinion not persuasive when she described the supportability and consistency of the opinion. (Doc. 12-2, at 27). Additionally, the ALJ did not substitute her own law opinion by finding that Dr. Schaefer's opinion was not persuasive. (Doc. 12-2, at 27). Thus, substantial evidence supports the ALJ's determination that the opinion of Dr. Schaefer is not persuasive. (Doc. 12-2, at 27). As such, this case shall not be remanded on the ground that the ALJ's consideration of Dr. Schaefer's opinion was not supported by substantial evidence.

V.  **CONCLUSION**

For the foregoing reasons, the Commissioner's decision to deny Swisher's application for benefits is **AFFIRMED**, final judgment is issued in favor of the Commissioner and against Swisher, and the Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

Dated: August 2, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**